# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

SAMUEL RUDOLPHO,

    Petitioner,

vs.

D. W. NEVEN, et al.,

    Respondents.

Case No. 2:12-CV-00876-GMN-(RJJ)

**ORDER**

    Petitioner has submitted a motion for reconsideration (#7) of the court's denial of his motion for appointment of counsel. See Order (#5). Nothing in the motion causes the court to depart from that denial. Petitioner's citation to Martinez v. Ryan, 132 S. Ct. 1309 (2012), is inapposite. The holding in Martinez is very limited:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320. As near as the court can tell, petitioner's claims of ineffective assistance of trial counsel are not procedurally defaulted. In Rudolpho v. Nevada, No. 58081, filed November 17, 2011, the Nevada Supreme Court addressed all of petitioner's claims of ineffective assistance of trial counsel on the merits.[1] Respondents' response to the petition (#6) might show that some claims have been procedurally defaulted, but until and unless that happens, nothing indicates that Martinez will be an issue in this case.

---

[1] Petitioner attached a copy of this order to the petition (#6).

1    Respondents have submitted a motion for enlargement of time (first request) (#9).  The court
2 grants this motion.
3    IT IS THEREFORE ORDERED that petitioner's motion for reconsideration (#7) is
4 **DENIED**.
5    IT IS FURTHER ORDERED that respondents' motion for enlargement of time (first
6 request) (#9) is **GRANTED**.  Respondents shall have through November 5, 2012, to file and serve
7 an answer or other response to the petition (#6).
8    DATED this 10th day of August, 2012.

_____
GLORIA M. NAVARRO
United States District Judge