UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SAMUEL RUDOLPHO,<br><br>   Petitioner,<br><br> v.<br><br>D. W. NEVEN, et al.,<br><br>   Respondents. | Case No. 2:12-cv-00876-MMD-NJK<br><br>ORDER |

Before the Court are respondents' motion to dismiss (dkt. no. 11), petitioner's notice of non-opposition and request for relief (dkt. no. 15), and respondents' response (dkt. no. 16).

Respondents raised two issues in their motion to dismiss. First, they argue that grounds 1(III) and 2(H)(4), which are claims related to an order of restitution, are not cognizable in federal habeas corpus. Petitioner agrees without reservation, and the Court will dismiss these grounds.

Second, respondents argue that ground 1(X) is partially unexhausted. Ground 1(X) is a claim of cumulative error. In his direct appeal, petitioner had raised a claim of cumulative error. However, in his state habeas corpus petition, petitioner did not raise a claim of cumulative error regarding any ineffective assistance of counsel. Respondents ask the Court to consider the claim of cumulative error only in the fashion that petitioner presented it to the Nevada Supreme Court. Petitioner agrees with the reservation that the Court might find *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), applicable.

The Court does not find *Martinez* applicable in this case. The Supreme Court made its holding in *Martinez* very limited:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a *procedural default* will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320 (emphasis added). Procedural default occurs when a state court denies relief on a ground for reasons of state law that are adequate by themselves and independent of federal law. Procedural default is not the issue before the Court. The failure to exhaust is the issue, because petitioner never presented a cumulative-error claim of ineffective assistance of counsel to the state courts. The Court will dismiss the part of ground 1(X) that raises a claim of cumulative error due to ineffective assistance of counsel.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (dkt. no. 11) is GRANTED. Grounds 1(III) and 2(H)(4) are DISMISSED. The claim of cumulative error of ineffective assistance of counsel in ground 1(X) is DISMISSED.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

DATED THIS 7th day of January 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE